UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

January 27, 2010

**VIA ELECTRONIC FILING**

Francis J. Martorana, Esq.                    Laura Janelle Stewart, President
Aaron David Lloyd, Esq.                       Highland Ornamental Ironworks, Inc.
O'Donoghue and O'Donoghue                     18250 Blue Ridge Mountain Road
4748 Wisconsin Avenue, N.W.                   Bluemont, VA 20135
Washington, DC 20016

Re:    Trustees of the Ironworkers Local Union No. 5 and Iron Workers Employment
       Association, Employees Pension Trust, et al. v. Highland Ornamental Ironworks, Inc.
       Civil Action No.:  CBD-08-2095

Dear Counsel and Ms. Stewart:

        The Court received Plaintiff's Renewed Motion for Entry of Default Judgment
("Plaintiff's Motion") (Docket Item No. 34).  The Court has reviewed Plaintiff's Motion and all
related briefings.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons
stated below, the Court GRANTS Plaintiff's Motion.

        Plaintiff seeks a default judgment against Defendant, including an award for attorneys'
fees and damages, because Defendant has failed to plead or otherwise defend as provided by the
Federal Rules of Civil Procedure and Local Rules 101.1 and 101.2 (D. Md.).  On June 3, 2009,
the Court entered a default for Defendant's failure to respond despite being properly served, and
on July 20, 2009, Defendant failed to appear for a hearing on Plaintiffs' Motion for Default
Judgment.  Lastly, Defendant, a corporation, has failed to secure counsel, as required by Local
Rule 101.1 (D. Md)  The Court has given Defendant more than eleven months to obtain legal
representation to no avail.  Accordingly, the Court GRANTS Plaintiff's Motion.

        In granting Plaintiff's Motion, this Court awards Plaintiff damages for unpaid
contributions, interest, and liquidated damages.  The Court also awards Plaintiff attorneys' fees
and costs.  The Court awards these damages and fees in accordance with 29 U.S.C.A. 1132(g),
which requires that where there is a judgment in favor of an employee plan, such as in the
present case, the court must award the unpaid contributions, interest on the unpaid contributions,
liquidated damages provided for in the plan, and reasonable attorneys' fees and costs.

Damages

        Plaintiff has provided the Court a detailed accounting of all monies paid into the fund and
the monies owed to the fund by Defendant.  The Court finds this accounting persuasive and
therefore awards Plaintiff $39,918.90 in damages.  This sum includes unpaid contributions,
interest, and liquidated damages.  This damages award includes $317.80 in unpaid contributions,
$31,304.94 in unpaid liquidated damages, and $8,296.16 in unpaid interest.  The $317.80 unpaid

contributions damages award accounts for all unpaid contributions from October 2006 through December 2008. Revised Appendix 1, Plaintiff's Supplement to Renewed Motion for Entry of Default Judgment (Docket Item No. 36) ("Revised Appendix 1"). The liquidated damages award is calculated per the provision in the Restatement of Agreement and Declaration of Trust Establishing the Iron Workers Local No. 5 and Iron Workers Employers Association Employees Pension Trust ("Restatement of Agreement"), which provides that delinquent employers are liable for liquidated damages equaling ten percent (10%) of the amount of the delinquent contribution. Restatement of Agreement, at 11. Under the Restatement Agreement, liquidated damages become due on the sixth working day after contributions are due. Id., at 11-12. Contributions are due monthly, thus liquidated damages are calculated and due each month where contributions are not paid in full. Liquidated damages are not simply calculated by taking 10% of the total remaining outstanding delinquent contribution; here, the award is not simply 10% of $317.80. The $31,304.94 liquidated damages award equals the sum of all of the monthly unpaid liquidated damages between October 2006 and December 2008. Revised Appendix 1. Lastly, the Court awards unpaid interest per the Restatement of Agreement, which holds the delinquent employer liable for interest at twelve percent (12%) per annum on the delinquent contribution. Restatement of Agreement, at 12. For the period of October 2006 through December 2008, the Court awards $8,296.16 in unpaid interest. Revised Appendix 1. This damages award is consistent with 29 U.S.C.A. 1132(g)(2), which provides that where there is a judgment in favor of an employee plan, interest on the unpaid contributions, and the greater of either liquidated damages at less than twenty percent (20%) or the interest on the unpaid contributions must be awarded by the court.

Attorneys' Fees and Costs

The award of reasonable attorneys' fees is also mandated by 29 U.S.C.A. 1132(g)(2). This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying the number of reasonable hours expended by a reasonable hourly rate. Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009), *citing* Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). Reasonableness is key in this analysis and twelve *Johnson* factors guide the Court in determining what are "reasonable" hours and rates. The twelve *Johnson* factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

*See*, Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009); Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87 (1989). In determining the reasonableness of the fees requested, the Court also relies upon the Rules and Guidelines for Determining Attorneys'

Fees in Certain Cases, Appendix B, Local Rules (D. Md.) ("Rules and Guidelines").  Plaintiff requests attorneys' fees for the work of a paralegal and for two lawyers, one with three years of experience and the other with twenty seven years of experience.  The Rules and Guidelines suggest an hourly rate of $95 to $115 for work performed by paralegals, an hourly rate of $150 to $190 for work by lawyers admitted to the bar for less than five years, and an hourly rate of $275 to $400 for lawyers with fifteen years or more experience.

Although the Rules and Guidelines differentiate reasonable hourly fees by an attorney's years of experience, Plaintiff failed to articulate the actual time spent on each project by each attorney.  While a blended rate for the work performed by the two attorneys may be reasonable in many respects, the Court is not inclined, on these facts, to award more than $190 per hour without knowing the actual hours provided by the more senior counsel.  Plaintiff submits that in this case attorney work hours totaled 55.25 hours and paralegal hours totaled 12.5 hours.  Exhibit 1, Plaintiff's Declaration of Attorney's Fees and Costs.  Additionally, Plaintiff submits that its costs totaled $1,506.75.  Revised Appendix 1.  Given the lodestar calculation, review of the *Johnson* factors, the Local Rules' Rules and Guidelines, and the Court's review of the time and description entries, the Court concludes that Plaintiff's request for attorneys' fees is reasonable with modification, as is its request for costs and expenses.  As such, the Court awards Plaintiff $11,685.00 in attorney's fees and $1,506.75 in costs, for a total of $13,191.75.

For the aforementioned rationale, the Court GRANTS Plaintiff's Motion.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

Very truly yours,

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/ec

3